## Case No. 8,605.

### LUMA v. ATLANTIC MUT. INS. CO.

[13 Hunt, Mer. Mag. 557.]

Circuit Court, D. Massachusetts. Dec., 1845.

MARINE INSURANCE — RECOVERY — DISTINCT AND SEPARATE LOSS — ONE LOSS BEING CONSEQUENT UPON A PREVIOUS ONE — PROVINCE OF JURY.

[1. Distinct and separate losses on one voyage cannot be added together to make up an average of 5 per cent. under an insurance policy.]

[2. It is a question for the jury whether the losses to a vessel in two gales, ten days apart, in the first of which she lost part of her sails and bulwarks, and in the second the movables on deck, were distinct, or consequent one upon the other, so as to constitute a single loss, averaging 5 per cent., under the policy.]

This was an action of assumpsit, in which the plaintiff sought to recover of the defendants a partial loss on a policy, made by them, March 4. 1844, on the brig Columbia, on a voyage from Boston to Savannah. It appeared in evidence, that the brig sailed on this voyage about the 10th of March; that on the 17th of the same month, she experienced a gale and a heavy sea, which blew away the fore top-mast staysail, carried away a great part of the bulwarks, and monkey rail, stove in the cook's galley, and shipped several very heavy seas, which made her labor very hard; that after this she continued the voyage, lying to in two or three instances, but with generally moderate weather, carrying all sail, till the 27th of March, when she experienced another gale, and shipped a sea, burying the brig all up in a clear sheet of foam, and swept her decks of her jolly-boat, spars, roundhouse, and two water casks, the fore spencer being also carried away. There was no other loss on the voyage. There were several questions of law, raised by the defendants, growing out of other evidence, and the transactions for a settlement of the loss, a reference of the matter having been made by the plaintiff's agents in Boston, and a decision given by the arbitrator against his claim, by which he refused to abide. But the main question raised, was, whether these two losses could be added together to make an average of five per cent. under the policy; and upon this point there was considerable evidence.

HELD BY THE COURT (WOODBURY, Circuit Justice) that distinct and separate losses on the vessel, could not be added together to make up five per cent., and that the

assured could not recover, unless he proved a single loss to that amount; but that it was a question for the jury, whether the losses here were distinct or not; that where one loss was consequent upon another, however remote in time, it was to be taken as part of the antecedent loss, and if both amounted to five per cent., the assured would recover.

THE COURT left to the jury three questions, upon which they were to find specific answers. The only one of these material to the report of the case upon the foregoing facts, was, whether there was any loss consequent upon the cause, amounting to five per cent. Upon this, the jury found there was such a loss, and assessed the damages at $230, the amount claimed by the plaintiff being $394.